**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ACRO-TEK COMMUNICATIONS                          CIVIL ACTION

VERSUS                                           NO. 06-11162

COMNET, LLC, ET AL                               SECTION T(3)

The defendants, ECC Operating Services, Inc. ("EECOS") and The Insurance Company

of the State of Pennsylvania ("ICSOP"), filed a Motion to Dismiss for failure to state a claim

upon which the relief requested may be granted (Rec. Doc. 8) and a Motion to Strike Plaintiff's

Motion to Supplement Memorandum in Opposition to Motion to Dismiss (Rec. Doc. 24).  Oral

argument was entertained and the matter was taken under submission on July 11, 2007.  The

Court, having considered the record, the evidence submitted, the law and applicable

jurisprudence, is fully advised in the premises and ready to rule.

**ORDER**

**I.      BACKGROUND**

This case stems from a dispute regarding a debris removal operation launched in

Louisiana by the United States Army Corp of Engineers ("USACE") following Hurricane

Katrina.  ECCOS received a prime contract from the Corp to perform debris removal in

Louisiana and Mississippi.  ECCOS subcontracted with various entities.  One of these

subcontractors was Resource One.  A "Continuing Services Agreement" between ECCOS and

Resource One for tree and debris removal activities was entered into on October 31, 2005.

ComNet and Acro-Tek were not parties to the Resource One subcontract, nor are they mentioned

or named anywhere in that document.  Resource One subsequently entered into a subcontract

with ComNet, who, in turn, entered into its own subcontract with Acro-Tek.

According to the Complaint, Acro-Tek "provided labor, supplies, and equipment to

ComNet pursuant to their contact" and ComNet owes it $453,774.50 for its invoiced work.

Acro-Tek further alleges that ComNet is a "supplier of labor and materials" under the Prime

Contract" for purposes of the Miller Act" and that ComNet is entitled to recover amounts owed

to it by Resource One from ECCOS and ICSOP "under the Miller Act." Because ComNet has

failed to "avail itself of its right" against Resource One, ECCOS, and ICSOP, Acro-Tek has

brought this action against ComNet itself for breach of contract, and has brought an action,

purportedly arising under La. Civ. Code art. 2044 and the Miller Act, to assert the rights of

ComNet against the other three defendants.


II.     LAW AND ANALYSIS

        A.      RULE 12(B)(6)

        In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6),

courts have found that dismissal pursuant to this provision "is viewed with disfavor and is rarely

granted." Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser

Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).  The

complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the

original complaint must be taken as true. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir.2002);

Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980).  A district court may not

dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."  Ramming v.

United States, 281 F.3d 158, 161 (5th Cir.2001); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct.

99, 101-102, 2 L.Ed.2d 80 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  The

Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most

favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any

valid claim for relief."  Lowrey, 117 F.3d at 247, *citing* 5 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure, §1357, at 601 (1969).  "In other words, a motion to dismiss an

action for failure to state a claim admits the facts alleged in the complaint, but challenges the

plaintiff's rights to relief based upon those facts,...[w]hen considering a Rule 12 (b)(6) motion to

dismiss for failure to state a claim, the district court must examine the complaint to determine

whether the allegations provide relief on any possible theory." Ramming, 281 F.3d at 161-62.

    **B.**    **APPLICABILITY OF THE MILLER ACT TO THE CONTRACT AT
ISSUE**

    Since liens cannot be asserted against government-owned property, the Miller Act, 40

U.S.C.A. §§ 1331, *et seq.*,  provides recourse for material suppliers and laborers who perform

work on public projects through a system of mandatory payment and performance bonds.  See

F.D. Rich Co., v. U.S. ex rel.Indus. Lumber Co., 417 U.S. 116, 1221-22 (1974).  The Courts

interpret the Act's provisions liberally to ensure that its remedial effects are given force.  See

U.S. ex rel. Blumenthal-Khan Elec. Ltd. P'ship v. Am. Home Assur. Co., 219 F.Supp. 2d 710,

713 (E.D. Va. 2002).  However, the Miller Act is not unlimited by its terms.  It applies only to

construction or alteration of a public building or public works.  See Id. at 714.

The defendant submits that Acro-Tek has no claim under the Miller Act for recovery

against ECCOS and ICSOP, as the Miller Act applies to contracts for construction or alteration

of a public building or public work and the prime contract between ECCOS and the USACE, a

contract for debris removal, is no such contract.

The plaintiff, in opposition to the Motion to Dismiss, contends that this Court should give

a broader interpretation as to what constitutes a "public work" than ECCOS states.  The plaintiff

argues that, at the very least, whether or not the contract with ECCOS was a "public work" is

factual issue to be best addressed in a Summary Judgment after discovery on the issue, to

determine the extent of the work performed by ECCOS

After reviewing the Prime Contract between ECCOS and the USACE, the Court finds

that it does not implicate construction or alteration of a public building or public work.  While

the prime contract does not mention the Miller Act, it does incorporate provisions of the Service

Contract Act[1], the requirements of which are incorporated by reference into the Resource One

Subcontract.  While the Fifth Circuit has not clearly addressed the issue at hand, courts have held

that the Miller Act is inapplicable to a contract for demolition of government buildings.[2]

In addition, the Payment Bond on the Prime Contract is printed on Standard Form 1416,

as prescribed by 48 C.F.R. 53.228(m) entitled "Payment Bond for Other than Construction

---

[1]The Service Contract Act, 41 U.S.C.A. §351, *et seq.*,  does not confer a private right of action to employees.   Instead, the purpose of the Service Contract Act "is to require contractors to pay their employees working on a federal service contract in accordance with the prevailing rates and benefits for such employees in the locality."

[2]Chicago Rigging Co. v Uniroyal Chemical Co., Inc., 718 F.Supp. 696 (N.D. Ill. 1989); see also Warren v. Kimrey, 489 F.2d 339 (8th Cir. 1974).

Contracts."[3]   Unlike the Miller Act payment bond, the Payment Bond at issue here is a

discretionary, voluntary bond and is not required under federal law.[4]  Because the Payment Bond

is a common-law bond, it is governed by its express terms rather than by statute.[5]   While the

Payment Bond does, in limited circumstances, provide for a direct action against ECCOS and

ICSOP, the prerequisites for bringing such an action are clearly communicated within the

Payment Bond itself.  By its clear and express terms, the Payment Bond issued by ICSOP

defines potential "claimants" as only those who have a contract relationship with the principal,

ECCOS, or a subcontractor of ECCOS.  Therefore, so called "third-tier subcontractors," Acro-

Tek, who are not in contractual privity with either ECCOS or Resource One, are not "claimants"

who may bring suit directly against ECCOS and ICSOP.

## B.    WHETHER ACRO-TEK IS ENTITLED TO BRING AN OBLIQUE ACTION

La Civ. Code art 2044 describes an oblique action as follows:

> "**If an obligor causes or increases his insolvency** by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor.
>
> For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted."

Defendants contend that Acro-Tek, in attempting to assert the rights of ComNet, in the

---

[3]In comparison, the Miller Act payment bonds must be printed on Standard Form 25-A, prescribed by 48 C.F.R. 53.228(c). The provisions of Standard Form 25-A and Standard Form 1416 are substantively identical.

[4]*See Blumenthal-Kahn,* 219 F. Supp. 2d 710 (holding that bond was not issued pursuant to Miller Act and was therefore a "common-law bond"); *see also* 48 C.F.R. 28-103-1(a) ("Generally, agencies shall not require performance and payment bonds for other than construction contracts.  However, performance and payment bonds *may* be used as permitted in 28.103-2 and 28.103-3.")

[5]*See Emile M. Babst Co., Inc. v. U.S. Fid. & Guar. Co.,* 497 So.2d 1358, 1360 (La. 1986).

name of ComNet, against the surety, through an oblique action, is actually attempting to

circumvent the requisite of contract privity, which clearly does not exist between them and

EECOS.  Acro-Tek asserts that it is entitled to bring this oblique action against ECCOS and

ICSOP because "the failure of ComNet to avail itself of its rights against ECCOS, ICSOP and

Resource One will cause or increase its insolvency."  However, Acro-Tek admits it has no proof

of ComNet's alleged insolvency.

The Court finds that even if the oblique action were an appropriate vehicle for recovery

in this case, Acro-Tek has failed to meet the requirements to bring such an action against

ECCOS and ICSOP.  Acro-Tek purports to assert unexercised rights which belong to ComNet.

However, no contract exists between ECCOS and ComNet.  Therefore, ECCOS is not indebted

to ComNet pursuant to the terms of any contract.

Moreover, the oblique action must fail because Acro-Tek has not alleged an essential

element thereof- the insolvency of ComNet.  On its face, the Complaint fails to state an oblique

action, as the insolvency of the "creditor" is a prerequisite to the existence of a valid oblique

action.  Counsel for Acro-Tek describes the filing of the lawsuit in its Opposition:  "To avoid the

running of the one-year statute of limitations, and on the belief that ComNet was or would

become insolvent due to the size of the debt owed to Acro-Tek and the failure to make a

payment on demand, Acro-Tk filed its complaint."   As such, it cannot be said that ComNet has

caused or increased its insolvency by failing to exercise any alleged rights against ECCOS or

ICSOP.

Finally, Acro-Tek's amended complaint makes it clear that its purposed oblique action is

connected to its claims under the Miller Act, which the Court has found are legally and factually

baseless.  Acro-Tek may not assert, by standing in the shoes of ComNet, rights that ComNet itself does not possess in the first place.

For the reasons stated above, defendants' claims against ECCOS and ICSOP are dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss, filed on behalf of ECC Operating Services, Inc. and The Insurance Company of the State of Pennsylvania, is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiff's Motion to Supplement Memorandum in Opposition to Motion to Dismiss (Rec. Doc. 24) is hereby **DENIED.**


New Orleans, Louisiana, this 20th day of November, 2007.



_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE